UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GIOVANNI ZABALETA VERGERA, (A#221-437-630),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-04577-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

The undisputed record in this case demonstrates that Petitioner is a native and citizen of Mexico who entered the United States without inspection by immigration officials on an unknown date. ECF Nos. 1, 7. He was transferred from criminal custody in Idaho into immigration custody on March 10, 2026 and issued a Notice to Appear ("NTA") charging him with being removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I). ECF No. 7-1 at 2, 7-2 (NTA), 7-4 (Rap Sheet). On June 15, 2026 an immigration judge ordered Petitioner removed to Mexico. ECF No. 7-3. Petitioner waived his right to appeal the IJ's removal order. ECF No. 7-3.

The pending § 2241 petition challenges Petitioner's immigration detention and not his final administrative order of removal. ECF No. 1.

In their answer, Respondent contends that Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1231(a)(2) as his order of removal became administratively final on June 15, 2026. ECF No. 7 at 3. Respondent also filed a motion to lift this Court's no transfer order to effectuate Petitioner's removal to Mexico. ECF No. 8.

Before the Court could act on the motion to lift the no transfer order, Respondent filed a status report on June 26, 2026 indicating that Petitioner had been transferred out of this district "for purposes of staging [his] removal in El Paso, Texas." ECF No. 9 at 2. Petitioner has since been transferred back to this judicial district where he remains in custody at the California City Detention Facility. ECF No. 11.

## II. Legal Standards

Detention is mandatory during the 90-day "removal period" following the entry of a final order of removal. See 8 U.S.C. § 1231(a)(1)-(2). "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)).

## III. Analysis

In this case, the parties do not dispute that Petitioner is subject to a final administrative order of removal to Mexico and that his detention became mandatory a mere 11 days after he filed the pending § 2241 petition, based on 8 U.S.C. § 1231(a)(2). Therefore, the undersigned recommends denying his habeas corpus petition.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be denied.
2. All pending motions (ECF Nos. 2, 3, 8) be denied as moot.
3. The Clerk of Court be directed to enter judgment for Respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE